LEVI HUBBELL, Respondent,

*vs.*

JOSIAH A. NOONAN, Appellant.

APPEAL FROM COUNTY COURT, MILWAUKEE COUNTY.

Section 25, chapter 137, Revised Statutes, 1858, which provides that "notice of the intended examination of a party in his own behalf, shall be given to the opposite party, for such time as the court shall deem reasonable, in order to enable such opposite party to be present at the trial, or to have his deposition taken to be used at such trial," is complied with by a party giving the opposite party then attending the court, verbal notice during the trial, that he will be sworn under this statute.

The notice required by this section, if given in open court, need not be in writing.

This was an action brought by the plaintiff against the defendant to recover a demand claimed to be due upon a contract. The case was brought to trial on the 11th of June, 1858; and judgment was rendered for the plaintiff, from which this appeal is taken. The facts *to* which the defendant objected are sufficiently stated by the court in its opinion, and in the arguments of counsel.

*Cross & Parrish* for the appellant.

1. The bill of exceptions in this action shows that during the trial in the court below, the plaintiff's attorney called the plaintiff to the stand, to be sworn and examined as a witness in his own behalf. To this proceeding the defendant, by his attorney, objected. The ground of objection was, that no *notice* of such *intended examination* of the plaintiff had been given, as required by the act of 1858. This act is a complete

innovation upon the common law rule of evidence, and according to the prevailing decisions, must be *strictly* construed. *McQueen vs. M. M. Co.*, 15 John., 5.

2. Before the act of 1858, parties to actions were not permitted to testify in their own behalf, except as provided by statute, p. 523, sec. 57; and it seems to us to have been the evident intention of the Legislature of 1858, to require *notice* to be given in all cases, as a *pre requisite* to such right, this proposition in the law being complete in itself, and independent of every other; and it will not be disputed that, where the *intention* of the Legislature can be fairly gleaned from the act itself, such intention will govern its judicial construction. In this view, the *reason* as well as the *intent* and *meaning* of the law, may form the subject of inquiry, and this too, as opposed to a *literal* construction, which will not be adopted if such construction would make its terms unreasonable.

3. The word *notice* as applied to practice and proceedings in courts of law, has acquired a *technical* and certain signification. *Notices* should be in writing. Bouvier's Law Dictionary and others.

*H. M. Finch* for the respondent.

*By the Court*, COLE, J. Upon the trial of this cause the respondent was called by his counsel as a witness in his own behalf, the appellant being present in court at the time the offer was made. The counsel for the defence objected to the introduction of the respondent as a witness upon the ground that no such notice as is required by section 52, chapter 137, R. S., had been given that he would offer himself as a witness. The respondent thereupon gave verbal notice that he would offer himself and was admitted and sworn under objection.

Subsequently during the trial the appellant was also called and testified in his own behalf. The only question we have now to consider is whether the notice of the intended examination of the respondent in his own behalf was sufficient and entitled him to be sworn. We are of opinion that it was. Section 52, chapter 137, provides that "notice of the intended examination of a party in his own behalf shall be given to the opposite party for such time as the court shall deem reasonable, in order to enable such opposite party to be present at the trial, or to have his deposition taken to be used at such trial," &c. The meaning of the statute is plain and unambiguous. It requires a party intending to be sworn on his own behalf to give notice of his intention to the opposite party for such time as under the circumstances of the case may be reasonable and sufficient in order to enable such opposite party to be present on the trial or have his deposition taken. This notice should be seasonable and proper, so as to give the opposite party an opportunity to attend the trial or have his deposition taken. It is very evident that a notice might be, under some circumstances, most reasonable and proper, which under other circumstances would be quite the contrary. No fixed time can be stated in which this notice should be given, which would apply to all cases. The statute itself states in language as clear as it is possible for language to state, that the notice shall be given for such time as the court shall deem reasonable, in order to enable the opposite party to be present at the trial. In the case at bar the appellant was in court when the respondent offered himself as a witness and was sworn in his own behalf. We think the notice was sufficient. It was insisted upon the argument by the counsel for the appellant that the word notice as used in the statute had a technical signification and meant a notice in writing. Ordinarily the notice would be in writing undoubtedly, but when the parties are in court so that they

can be sworn if they desire to testify, an informal verbal notice as was given in this case, we deem reasonable and sufficient.

The order of the court below in refusing to grant a new trial, is affirmed.