## SMITH VS. SWARTHOUT.

The deposition of one of the parties to a cause was taken on a commission in which the other party joined, and had been on file a long time before the cause was tried, but *was not used* at the trial. *Held,* that the adverse party was not entitled to testify on his own behalf at the trial, without having given proper previous notice of his intended examination.

Had the deposition been used on the trial, the adverse party would have had a right to testify in respect to the same subject matter, without any previous notice.

Proof that a horse *balked* after seven weeks from the time it was sold with a warranty that it was true in harness, relates to a period too remote to be admissible to show a breach of the warranty.

APPEAL from the Circuit Court for *Columbia* County.

Action on a promissory note. Defense, that the note was given for a mare sold by the plaintiff to the defendant, which was warranted to be sound, kind and true, gentle in harness, and fitted to be used either single or in a team with another horse; and that there was a breach of the warranty.

Verdict and judgment for the plaintiff. The nature of the exceptions taken will appear from the opinion of the court. The deposition referred to in the opinion is stated to have been on file "a long time" before the trial.

*G. W. Hazelton*, for appellant:

The notice required by section 3, chap. 134, General Laws of 1858, is to be given for a specified object, to wit, in order to enable the opposite party to be present at the trial or have his deposition taken to be used on such trial. It is to be

such a notice as the court deems reasonable *for that purpose.* If the party is actually present or his deposition has been taken and is on file, the law cannot regard the pretense that prior notice *to enable* him to be present or have his deposition taken, has not been given. The purpose of giving the notice has been accomplished in another way. In such case no notice antecedent to the calling of the witness can be required. *Hubbell vs. Noonan,* 8 Wis., 214; *Utica Ins. Co. vs. Cadwell,* 3 Wend., 300. 2. The second clause of the section is equally decisive. "But in case where a party shall be sworn pursuant to such notice - * * the opposite party shall be permitted to testify without such notice." In this case the party had been sworn pursuant to notice, and we insist that as a matter of strict legal right, not only within the spirit but within the plain language of the section, the appellant had a right to be sworn. 3. As to the admissibility of the question asked the witness Watson, counsel cited Story on Sales, 405 ; Cowen's Treat., Pt. 1, 330 ; 2 Chitty on Pleadings, 679 ; Yates' Pl., 397 ; *Garment vs. Barrs,* 2 Esp., 673 ; *Roberts vs. Jenkins,* 1 Foster, 116.

*Welch & Lamb,* for respondent :

Notice cannot be dispensed with in any case unless the opposite party has previously been sworn at the trial on due notice. Dwarris on Statutes, 711–13 ; *Kilpatrick vs. Byrne,* 25 Miss., 582 ; 13 How. Pr. R., 198 ; *McIver vs. Ragan,* 2 Wheat., 25 ; R. S., p. 818. The notice must be for such time before the trial, that *after it is given* there shall be time for the opposite party to elect whether he will be present at the trial, or have his deposition taken. This right of election of the opposite party the statute gives, and it cannot be taken away by construction. *Cook vs. Manly,* 6 Wis., 24 ; *Hubbell vs. Noonan,* 8 id., 214.

*By the Court,* COLE, J. The appellant contends that under the circumstances of this case he had a right to be sworn in his own behalf on the trial, though he had given no notice of his intended examination as required by the statute. This claim is founded on the following facts. After issue was joined in the cause, the attorney of the respondent made

June Term,
1862.

SMITH
v.
SWARLHOUT.

October 11.

and served upon the appellant his affidavit, setting forth that *Smith* was a material witness on his own behalf in the action ; that without his own testimony the said *Smith* could not safely proceed to the trial thereof; and that *Smith* was a non-resident &c. ; and obtained a rule for a commission to take his testimony upon interrogatories.   The appellant joined in the commission, and the respondent's deposition was duly taken, returned and filed with the papers in the case.   This deposition was not used on the trial, but still, inasmuch as it was taken upon proper notice and returned and filed, and might have been used by the respondent, the appellant claims that he had a right to be examined in his own behalf without any prior notice. It is said that, within the spirit and equity, if not within the very letter of the statute, the respondent had been sworn in the cause, and that this entitled the opposite party to become a witness generally to sustain his defense to the action. We think this construction of the statute forced and unreasonable, and that it cannot be adopted.

It can hardly be necessary to remark that the statute which enables parties, under certain circumstances, to become witnesses in their own behalf, is an innovation upon the common law rule, which excluded them on the ground of interest.   The legislature has seen proper to change this rule, and to provide when a party may be examined on his own behalf on the trial.   The fact that the person is a party to the action and interested in the event of the suit, is no longer a ground for exclusion, unless the case comes within the exceptions mentioned in the statute.   But still a party is not placed upon the same ground as disinterested witnesses. His right to become a witness is not unlimited.   It must be exercised upon the condition and under the circumstances imposed by the statute.   And the condition is, that "notice of the intended examination of a party in his own behalf shall be given the opposite party for such time as the court shall deem reasonable in order to enable such opposite party to be present at the trial or have his deposition taken." This is the language of the statute.   In *Hubbell vs. Noonan*, 8 Wis., 214, this court had occasion to consider what was

meant by the language that notice of the intended examination should be given. It was there held that when both parties were in court, a verbal notice given by one of them to his adversary on the trial, that he would offer himself as a witness in his own behalf, was reasonable and met the requirements of the statute; and that it was for the court to determine in all cases, what, under the circumstances, was to be deemed a reasonable notice. In the present case it would probably not be seriously contended, that such a notice on the trial would be sufficient, since it would afford the respondent no opportunity to be present to rebut, modify or explain the appellant's testimony. How can we assume that, if present, his testimony would have been the same as that contained in his deposition on file. For it well might happen that a party might testify to certain facts which he deemed essential to his own case, and omit altogether to go into other matters having an important bearing upon his right of recovery, and which was only known to himself and the opposite party, merely because he had no reason to conclude that such matters were to become subjects of dispute and investigation before the court and jury. At all events, it is sufficient to say that the statute requires a party to give notice to the opposite party of the intended examination, before he can testify on his own behalf. Had the deposition been read to the jury or used on the trial, then the appellant would have had an undoubted right to testify upon the same points without any previous notice. In other words, the policy of the law seems to be this, to render parties to the suit competent witnesses, but that where one party is examined in respect to certain matters, the other party may have an opportunity of being examined in respect to the same matters, and thus check any temptation to practice deceit and falsehood, and countervail the influence and bias of pecuniary motives on human testimony.

If the appellant had desired to testify in his own behalf, he should have given proper notice of his intended examination. This is a condition required by the statute, and it is easily complied with. And as this notice was not given, we

think the circuit court very properly excluded him from being sworn on the trial.

The question put to the witness Watson, and ruled out, was clearly improper. He was asked if he had seen the mare—for which the note sued on, was given—balk, in the beginning of the winter of 1857. The answer states that the mare was bought on the 12th of October previous, and was then warranted to be sound, kind, gentle and fitted to be used single or in a team with another horse. Now it is obvious the mare might have been all she was warranted and represented to be in October, but still, by bad driving and usage, might have been rendered balky before winter. The question, therefore, related to a period too remote to prove a breach of the warranty set up in the answer as a defense to the note.

The judgment of the circuit court is therefore affirmed, with costs.